# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

Lyle W. Cayce
Clerk

No. 12-50696
Summary Calendar

MICHAEL LYNN RANDELL,

Plaintiff-Appellant

v.

JASON RIOS, Lieutenant of Correction, Connally Unit; FREDERICK SWENSON, Sergeant of Corrections, Connally Unit; ELDA CANTU, Captain of Corrections, Connally Unit; TEOFILO RAMIREZ, Correctional Officer III, Connally Unit; JENNIFER MEJIA, Correctional Officer III, Connally Unit; JEFFERY MARTON, Warden, Connally Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-432

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Michael Lynn Randell, Texas prisoner # 632924, seeks authorization to proceed in forma pauperis ("IFP") on appeal. His motion challenges the certification by the magistrate judge ("MJ"), ruling by consent of the parties, that his appeal from the grant of summary judgment to the defendants and dismissal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his § 1983 complaint was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 201–02 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). Our inquiry into whether this appeal is taken in good faith is limited to whether the appeal involves any nonfrivolous issue. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Randell contends, generally, that genuine issues of material fact remain, and reasons, accordingly, that the case should not have been resolved on summary judgment. His only specific contention is that the MJ erred in electing not to listen to the recording of the disciplinary hearing, which is not in the record, but would establish, according to Randell, that the defendants conspired to retaliate against him. To the extent he is challenging the MJ's denial of his motion to compel production of the audiotape or a transcript of the hearing, his challenge is unavailing. Randell alleged in the district court that the tape would show that hearing officer Elda Cantu (1) dissuaded a witness from testifying because the witness's explanation of events preceding the use of force differed from that of defendants Rios and Swenson, and (2) did not permit Randell to call as a witness an officer who would have testified that he investigated a previous disciplinary charge against Randell and found it to be invalid. If true, such allegations are relevant to his excessive force and retaliation claims, but, notably, would not have rebutted the MJ's findings that the cause of the use of force and the basis of the disciplinary charge was Randell's refusal to go to his cell, which refusal he concedes. Nor would the audiotape have established, even if Randell's allegations are true, that Cantu's actions were motivated by a desire to retaliate rather than to focus on the disciplinary charge at hand, or that she would have permitted the testimony but for her alleged motive of retaliation. For those reasons, Randell has failed to show that the district court abused its discretion in denying his motions seeking production of the audiotape or

transcript of the disciplinary hearing. *See Atkinson v. Denton Pub. Co.*, 84 F.3d 144, 148 (5th Cir. 1996).

Moreover, Randell fails to address the MJ's detailed findings that Randell showed no more than *de minimis* injuries and failed to allege, much less show, that Cantu and Marton knew of and disregarded a substantial risk to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Randell also does not rebut the MJ's determination that he failed to show a retaliatory motive or the absence of a legitimate motive for the defendants' actions such that a retaliatory motive plausibly could be inferred. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Having failed to address and rebut the findings of the district court, Randell has not demonstrated that his appeal involves any nonfrivolous issue suitable for our review. *Howard*, 707 F.2d at 220. Therefore, we DENY his motion to proceed IFP on appeal, and we DISMISS his appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24 ("[N]othing prevents the appellate court from *sua sponte* dismissing the case on the merits pursuant to 5th Cir. R. 42.2 when it is apparent that an appeal would be meritless."); 5TH CIR. R. 42.2.